**THE HAHN LEGAL GROUP**APC
ADRIENNE R. HAHN, SBN 136569
ahahn@hahnlegalgroup.com
ADAM ZAMOST, SBN 305655
azamost@hahnlegalgroup.com
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
T:(310)706-3400/F:(310)706-3440

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DONABEL SANTOS,

Plaintiff,

vs.

TARGET CORPORATION, and DOES 1 TO 21

Defendants.

CASE NO: 5:19-cv-01831 AB (SPx)
The Hon. Andre Birotte Jr.
Magistrate Judge: Sheri Pym

**STIPULATED PROTECTIVE ORDER**

[NOTE CHANGES MADE BY THE COURT TO ¶¶ 1, 2, 3, 11, 12]

Trial Date: 01/12/2021

TO: THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

IT IS **HEREBY STIPULATED AND AGREED,** by the undersigned attorneys for the respective parties, that with regard to material disclosed in the course of the above-captioned lawsuit ("Lawsuit") which constitute or contain trade secrets or other confidential research, development, or commercial information of the parties ("Confidential Material"), the following procedures shall govern:

///

///

THE HAHN LEGAL GROUP APC
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
Phone: (310) 706-3400 | Fax: (310) 706-3440

1. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. This action is likely to involve trade secrets and other valuable commercial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a

THE HAHN LEGAL GROUP APC
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
Phone: (310) 706-3400 | Fax: (310) 706-3440

protective order for such information is justified in this matter, and initiated by Defendant. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic media, photographs, videocassettes, etc.). Any use of Confidential Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Confidential Material at trial.

3. The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order – provided it qualifies for protection under Federal Rule of Civil Procedure 26(c) and as specified above – by marking such materials "Confidential." If any material has multiple pages, this designation need only be placed on the first page of such material. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel in this Lawsuit, and the Court.

4. Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

5. Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto) consenting to be bound by the terms of this Order. The parties, counsel for the respective parties (including legal assistants and other personnel) and the Court are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

The party that is seeking to designate materials as "Confidential" shall notify the party to be bound by the terms of the "Confidentiality Agreement" as to the

THE HAHN LEGAL GROUP APC
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
Phone: (310) 706-3400 | Fax: (310) 706-3440

general nature of the material(s) and why confidentiality is necessary. Disclosure of any Confidential Material will not occur without execution of a written "Confidentiality Agreement" as stated above in this section.

6. Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Upon dissemination of any Confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number). Such record shall be made available to the designating party upon written request.

7. If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

8. In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant this Order, including the parties and counsel for the respective parties (including legal assistants and other personnel). Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within fourteen days after receipt by the designating party of the respective deposition transcript. All deposition transcripts in their entirety shall be treated in the interim as "Confidential" pursuant to paragraph 2 above. When Confidential Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Oder.

THE HAHN LEGAL GROUP APC
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
Phone: (310) 706-3400 | Fax: (310) 706-3440

9. If a deponent refuses to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent. All counsels of record shall be given a copy of the witness' signature page from the original deposition transcript that certifies his or her testimony.

10. With respect to any communications to the Court, including any pleadings, motions or other papers, all documents containing Confidential Material shall be accompanied by an application, pursuant to Local Rule 79-5.1, to file the papers – or the confidential portion thereof – under seal, and shall be communicated to the Court in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the words **"CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER."** All communications shall indicate clearly which portions are designated to be "Confidential."

11. If a non-designating party is subpoenaed or ordered to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order and shall not produce any Confidential Material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such Confidential Material, which in no occasion will be more than thirty days from receipt of the pending subpoena or order. Nothing in these provisions should be construed as authorizing or encouraging disobedience of a lawful order or directive from another court or agency.

12. If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying

THE HAHN LEGAL GROUP APC
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
Phone: (310) 706-3400 | Fax: (310) 706-3440

the information contested. The parties shall have thirty days after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within such period, the party seeking the protection shall have thirty days in which to make a motion for a protective order with respect to contested information, in compliance with Local Rule 37. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

13. Inadvertent failure to designate any material “Confidential” shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within seven days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

14. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

15. When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

16. Within sixty days after the termination of this Lawsuit (whether by dismissal or final judgment), all Confidential Material (including all copies) shall be returned to counsel for the designating party. Reasonable expenses related to returning all Confidential Material (including all copies) shall be reimbursed by counsel for the designating party, e.g. postage, mailing, or personal courier. In addition, counsel returning such material shall execute an affidavit verifying that all Confidential Material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this order. Such a representation fully contemplates that returning counsel has: (1) contacted all

THE HAHN LEGAL GROUP APC
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
Phone: (310) 706-3400 | Fax: (310) 706-3440

persons to whom that counsel disseminated Confidential Material, and (2) confirmed that all such material has been returned to disseminating counsel.

17. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

DATED: May 26, 2020

**THE HAHN LEGAL GROUP APC**

By: ______________________
ADRIENNE R. HAHN
ADAM C. ZAMOST
Attorneys for Defendant
TARGET CORPORATION

DATED: May 26, 2020

**LAW OFFICES OF GENE J. GOLDSMAN**

By: /s/ *Brendan A. Le*
GENE J. GOLDSMAN
BRENDAN A. LE
Attorneys for Plaintiff
DONABEL SANTOS

**THE HAHN LEGAL GROUP** APC
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
Phone: (310) 706-3400 | Fax: (310) 706-3440

**Signature Certification**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Plaintiff, and I have received authorization to affix his electronic signature to this document.

DATED: May 26, 2020

**THE HAHN LEGAL GROUP** APC

By: Adrienne R. Hahn
ADRIENNE R. HAHN
ADAM C. ZAMOST
Attorneys for Defendant
TARGET CORPORATION

THE HAHN LEGAL GROUP APC
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
Phone: (310) 706-3400 | Fax: (310) 706-3440

## ORDER

**IT IS SO ORDERED.**

DATED: May 28, 2020

HONORABLE SHERI PYM
UNITED STATES MAGISTRATE JUDGE

**THE HAHN LEGAL GROUP**APC
ADRIENNE R. HAHN, SBN 136569
ahahn@hahnlegalgroup.com
ADAM ZAMOST, SBN 305655
azamost@hahnlegalgroup.com
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
T:(310)706-3400/F:(310)706-3440

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DONABEL SANTOS,

Plaintiff,

vs.

TARGET CORPORATION, and DOES 1 TO 21

Defendants.

CASE NO: 5:19-cv-01831 AB (SPx)

District Judge Andre Birotte, Jr.
Magistrate Judge: Sheri Pym

**CERTIFICATE OF SERVICE**
**[Pursuant to L.R.5-3.2.1]**

I, Maria Gonzalez, certify and declare as follows:

I am over the age of 18 years and not a party to this action.

My business address is 2361 Rosecrans Avenue, Suite 373, El Segundo, California 90245, which is located in the city, county and state where the mailing described below took place.

On May 26, 2020, I electronically filed and electronically served the following documents pursuant to Local Rule, Rule 5-3.2.1: **STIPULATED PROTECTIVE ORDER**

///

THE HAHN LEGAL GROUP APC
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
Phone: (310) 706-3400 | Fax: (310) 706-3440

Said documents were served upon the following parties, via electronic email I sent to the following addressees, through their attorneys of record, as follows:

| **Via NEF:**<br>Mr. Evan A. Blair<br>Ms. Brendan Le<br>L/O GENE J. GOLDSMAN<br>501 Civic Center Drive West<br>Santa Ana, CA 92701<br>T: (714)541-3333/F: (714)541-0456<br>E-Mail: E-Mail: gene@gjglaw.com; evan@gjglaw.com; brendan@gjglaw.com<br>Attorneys for Plaintiff **DONABEL SANTOS** | **Via Email:**<br>Mr. Gene J. Goldsman<br>E-Mail: gene@gjglaw.com<br>E-Mail: evan@gjglaw.com<br>E-Mail: brendan@gjglaw.com |
|---|---|

Further, pursuant to Local Rule, Rule 5-3.2.1," ***Service.*** Upon the electronic filing of a document, a "Notice of Electronic Filing" ("NEF") will be automatically generated by the CM/ECF System and sent by e-mail to: (1) all attorneys who have appeared in the case in this Court and who have consented to receive service through the CM/ECF System, and (2) all *pro se* parties who have been granted leave to file documents electronically in the case pursuant to L.R. 5-4.1.1 or who have appeared in the case and are registered to receive service through the CM/ECF System pursuant to L.R. 5-3.2.2. Unless service is governed by F.R.Civ.P. 4 or L.R. 79-5.3, service with this electronic NEF will constitute service pursuant to the Federal Rules of Civil and Criminal Procedure, and the NEF itself will constitute proof of service for individuals so served.

I declare and certify under penalty of perjury that the foregoing is true and correct. Executed on May 26, 2020, at El Segundo, California.

By: /s/ Maria Gonzalez
Maria Gonzalez

